FILED
CLERK
4/23/2025 3:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                  **MEMORANDUM & ORDER**
                  20-cr-518 (JMA)

        -against-

GARY JOHNSON,

-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On December 18, 2024, the Government filed a memorandum of law in support of its motions in limine seeking to admit and preclude certain categories of evidence from the criminal trial in this matter, which is scheduled to begin on May 5, 2025.[1] (See ECF No. 96.) The Government filed further motions supporting and supplementing this motion on January 3, 2025 and on February 12, 2025. (See ECF Nos. 104, 126.) On December 27, Defendant filed a memorandum of law responding to the Government's motions in limine and in support of Defendant's motions in limine. (See ECF No. 99.) Defendant filed a further motion supporting and supplementing this motion on January 17, 2025. (See ECF No. 111.) On December 27, 2024, Defendant filed a motion to suppress evidence seized from Defendant's residence and to suppress evidence later discovered which was derived from the evidence seized from the Residence. (See ECF Nos. 100, 103, 110.) On January 17, 2025, Defendant filed a motion to suppress evidence of prior identifications of Defendant by individuals interviewed by law enforcement, or, in the alternative, to hold a *Wade* hearing on the admissibility of the identifications. (See ECF Nos. 113, 123, 134.) On April 23, 2025, the Court issued oral rulings on each of these motions at a hearing on the record. This order memorializes the rulings issued as to these motions.

---

[1] The Court presumes familiarity with the factual background and procedural posture of this case.

I.  **Defendant's Motion to Suppress Physical Evidence**

- **The November 18, 2020 Search Warrant to Search The Residence Was Supported by Probable Cause**
    - The Search Warrant Affidavit states that law enforcement surveillance observed the defendant travel either to or from the Residence immediately prior to or following narcotics transactions with a confidential informant ("CI"). In one other instance, although law enforcement surveillance did not observe the defendant return to the Residence following a narcotics transaction, records from cell phone towers in the vicinity of the Residence established that the defendant's cell phone connected to those towers following a narcotics transaction, placing the defendant in the area of the Residence.
    - This nexus is more than sufficient to support probable cause. See United States v. Singh, 390 F.3d 168, 182 (2d Cir. 2004) ("A showing of nexus does not require direct evidence and may be based on reasonable inference from the facts presented based on common sense and experience.")
    - The fact that the defendant, who allegedly took part in "at least sixteen" controlled narcotics transactions with the CI, either arrived from or returned to the Residence on six of those occasions is sufficient to link his alleged narcotics trafficking with the Residence. Furthermore, the factual background set forth in the Affidavit was bolstered by the affiant's training and experience regarding the common practice of drug traffickers in keeping records in their residences. See United States v. Morgan, 690 F. Supp. 2d 274, 287 (S.D.N.Y. 2010) (finding probable cause for search warrant of residence where supporting affidavit contained, among other things, agent's statement that, based on his experience, drug traffickers often keep records related to trafficking activities in their homes).

- **Even Assuming the Information Contained in the Search Warrant Affidavit Was Insufficient to Establish Probable Cause, the Good Faith Exception to the Exclusionary Rule Applies.**
    - For the Residence Warrant, law enforcement reasonably and in good faith relied upon the fact that the magistrate judge authorized the warrant. The warrant itself is not so wholly lacking in support that law enforcement could not have reasonably relied on it, and the defendant has made no showing that the issuing magistrate judge was knowingly misled. See United States v. Kortright, No. 10-CR-937, 2011 WL 4406352, at *9 (S.D.N.Y. Sept. 13, 2011).

- **Devices Seized from the Residence and Subsequently Searched Are Admissible, as the Search Warrant Was Supported by Probable Cause**
- **Since There Are No Material Disputes of Fact, a Suppression Hearing is Not Warranted**

II. **Defendant's Motion to Suppress Identification Evidence**

- **Defendant's Motion to Suppress Identification Evidence is Denied, and a Wade Hearing is Not Required**
    - The defendant moves to exclude evidence of Witness-1's and Witness-2's prior identifications of the defendant during law enforcement interviews, arguing that the identifications were not "confirmatory," but were "photographic show ups." However, the record reflects that the Witnesses each interacted with the defendant repeatedly – and nearly daily – over a multi-year period and were able to provide details regarding the defendant, including the color and make of his vehicle.
    - Given the Witnesses' respective relationships with the defendant, it was not unduly suggestive – or otherwise improper – for law enforcement to show any of them a single photograph. See United States v. Fofanah, No. 11-CR-721, 2012 WL 2674220, at *3 (S.D.N.Y. July 5, 2012) (finding without a hearing that use of a single photograph was not unduly suggestive where the witness reportedly knew the Defendant for years and had "ample opportunity to view the Defendant").
    - Furthermore, the Witnesses' identifications of the defendant are independently reliable, as they were identifying an individual they each had known for years, with whom they had interacted frequently. See e.g., Johnson v. Walker, No. 01-CV-6862, 2003 WL 22002420, at *9 (E.D.N.Y. Aug. 25, 2003) ("[T]he fact that [the defendant] was known to the eyewitness and was not a stranger is itself compelling evidence of an independent source for the identification.")
    - The challenged out-of-court identifications were made by individuals who knew and interacted with the defendant regularly – in some instances, on a near-daily basis over years – and who had ample opportunity to observe the defendant. Because the defendant fails to establish any contested issues of fact surrounding the out-of-court identifications, the motion to suppress evidence of prior identifications of the defendant by Witness-1 and Witness-2, as well as the identifications by the CI and Witness-3, is denied without the need for a Wade hearing.
    - The Court notes that the government and Defendant have identified another Witness ("Witness-4") who made a similar identification of the defendant and who had a similar relationship to the defendant as the other identified witnesses. For the aforementioned reasons, Defendant's motion to suppress this identification evidence is denied as well.

3

III. **Government's Motions in Limine**

- **The Court Will Admit Evidence Regarding Certain of the Defendant's Prior Conduct**
    - **Evidence of the Defendant's Narcotics Trafficking and Use of Firearms in Furtherance of His Narcotics Trafficking Both Prior to and During the Charged Narcotics Conspiracy Is Admissible**
        - Such evidence is admissible as direct proof of the charged narcotics distribution conspiracy, because, among other things, it demonstrates the origin of the criminal relationship between the defendant and those witnesses prior to the charged conspiracy, and shows the basis for the mutual trust between the members of the conspiracy.
        - The Second Circuit has interpreted this category of evidence to include acts that provide necessary background or context for the charged crimes. See United States v. Thai, 29 F.3d 785, 812 (2d Cir. 1994).
        - The proffered evidence is also admissible under Rule 404(b) to prove the defendant's identity, knowledge and intent regarding the conspiracy and distribution of narcotics, as well as the alleged possession of firearms.
        - If the Defendant requests, the Court will issue a limiting instruction that the jury consider this evidence only for permissible purposes, and not to suggest that the defendant has any propensity to commit the charged acts.
    - **Evidence of the Defendant's Narcotics Convictions is Inadmissible**
        - The defendant previously was convicted of two felonies and two misdemeanors which involved convictions for possession or attempted possession of controlled substances:
            - February 20, 2007, criminal possession of a controlled substance in the fifth degree (intent to sell) in violation of New York Penal Law § 220.06(1), which is a Class D felony.
            - August 25, 2004, attempted criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 220.16(12), which is a Class C felony.
            - November 21, 2013, criminal possession of a controlled substance in the seventh degree, in violation of New York Penal Law § 220.03, which is a Class A misdemeanor.
            - July 29, 2003, criminal possession of a controlled substance in the seventh degree, in violation of New York Penal Law § 220.03, a Class A misdemeanor.
        - The Court denies the government's motion to introduce evidence of the defendant's prior drug possession charges, as the government has not established that the prior convictions are "meaningfully probative of [the defendant's] knowledge" with respect to the charged narcotics conspiracy. United States v. Garcia, 291 F.3d 127, 138 (2d Cir. 2002). However, if defendant puts his intent or knowledge of the conspiracy at issue, the prior 2007 conviction for possession with intent to sell may be admissible "to

4

- prove that the defendant acted with the state of mind necessary to commit the offense charged." United States v. Jones, No. 19-CR-54, 2024 WL 2722307, at *5 (E.D.N.Y. May 28, 2024). Still, the Court currently lacks sufficient facts regarding that conviction to determine whether there is sufficient similarity between the conduct underlying that conviction and the conduct alleged here.
        - Furthermore, the Court denies the government's motion in limine to cross-examine the defendant regarding his prior drug convictions. The Court's ruling, however, is subject to modification depending upon the testimony of the defendant. If the defendant testifies to facts or issues which can be contradicted or impeached by evidence of his prior convictions, the court will reconsider its ruling. See United States v. Vasquez, 840 F. Supp. 2d 564, 573 (E.D.N.Y. 2011)
    - **Evidence Regarding the Defendant's Membership in the G-Shine Set of the Bloods Street Gang Is Admissible**
        - The government may admit evidence of the defendant's membership in G-Shine and his role in G-Shine, as it may explain the background of certain witnesses' relationships with the defendant, including how those witnesses knew they could purchase narcotics from the defendant.
        - The Second Circuit has held that gang membership is properly admissible, as here, "to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." United States v. Diaz, 176 F.3d 52, 79 (2d Cir. 1999).
        - The Court will permit the government to introduce evidence that the defendant was a leader/member of G-Shine; certain witnesses were members of G-Shine, and how that impacted their relationships with the defendant; the defendant was able to access narcotics and firearms through his affiliation with G-Shine; and individuals associated with gangs such as G-Shine often use drug jargon and coded language when selling narcotics in order to avoid detection by members of law enforcement.
        - The Court will issue a limiting instruction regarding the proper purposes for which the jury may consider the evidence regarding the defendant's affiliation with G-Shine.
- **The Court Will Preclude Evidence and Arguments Regarding Possible Punishment or Collateral Consequences of Convictions**
- **The Court Will Bifurcate the Elements of Count Twenty (the felon-in-possession charge)**
- **The Court Orders Defendant to Produce Reciprocal Discovery**
    - The Court orders the defendant to provide a list of exhibits he intends to introduce during the government's case (i.e., not those documents to be used for impeachment purposes only) or any defense case no later than May 1, 2025, which is the week prior to the start of trial. Furthermore, the defendant shall

5

disclose statements of any defense witness other than the defendant himself, i.e., Rule 26.2 material, no later than two days before a witness testifies.

IV.  **Defendant's Motion in Limine**

- **Videos of Undercover Buys Made by the Deceased Confidential Information Are Admissible**
    - Video and audio recordings of the seventeen undercover buys alleged in the indictment are admissible to the extent that the videos can be authenticated by the law enforcement officer who installed the recording equipment and coordinated the controlled purchases.  See United States v. Hemmings, 482 F. App'x 640, 643 (2d Cir. 2012) (holding that tapes could be authenticated by a government agent who recognized the voices on the tapes).
    - Defendant also seeks to preclude any statements made by the CI, though it is unclear what statements are being referenced.  To the extent that Defendant is referring to the CI's statements within the video and audio recordings of the seventeen undercover buys, those statements are admissible, as they are not being offered for the truth of the matter asserted and are therefore not hearsay.
- **Evidence of the Purported Value of Jewelry Seized Pursuant to the Government's Search Warrant Is Admissible**
    - The presence of "unexplained and unreported wealth" with no legitimate source, alongside other tools of the narcotics trafficking trade, is probative of the defendant's alleged involvement in the charged narcotics conspiracy.  United States v. Young, 745 F.2d 733, 763 (2d Cir. 1984).  Expert testimony regarding the valuation of the recovered jewelry is thus admissible.  To the extent the defendant objects to the use of expert testimony to establish the value of the jewelry recovered, the government has indicated that it is prepared to stipulate to the valuation.
- **The Government May Argue Regarding Inferences to be Drawn from the Empty Plastic Bags and a Plastic Bag Recovered from Plumbing at the Searched Residence**
    - Defendant argues that the Court should limit testimony and argument by the government that these items contained controlled substances because such evidence would be unduly prejudicial and cause the jury to improperly infer that these items contained controlled substances in violation of Rule 403.
    - The Court will allow the government to argue that the presence of the bags in the residence and the bag flushed down the toilet suggest the presence of drugs in the house or that Mr. Johnson had flushed a bag potentially containing drugs down the toilet once he learned of the presence of law enforcement officers.
    - However, the government does not intend to argue that a white plastic container recovered from the Residence contained narcotics, and thus does not oppose the defendant's request to preclude such argument.

- **The Government May Introduce Expert Testimony Regarding Narcotics Trafficking, and a Daubert Hearing is Unnecessary**
    - The defense moves to preclude expert testimony regarding: (1) drug jargon and coded language; (2) packaging of controlled substances and drug paraphernalia; and (3) whether the narcotics seized are consistent with distribution or personal use.  The government has provided notice that it intends to call Detective Robert Stueber to opine about narcotics practices.
    - First, defendant argues that the government's expert notice fails to provide a "written summary" of "the witness's opinions" and "the bases for those opinions." Fed. R. Crim. P. 16(a)(1)(G).  However, the Court finds that the government's disclosure complies with Rule 16(a)(1)(G)'s requirement that the expert witness provide a complete statement of the witness's opinions and the bases for those opinions.  Still, if the defense has specific requests regarding supplemental information disclosure, it may present these so that the government can have an opportunity to respond.
    - Detective Stueber is permitted to testify, and a Daubert hearing is unnecessary.

- **The Government May Introduce Testimony of Overdoses Related to Alleged Drug Sales**
    - As an initial matter, such evidence is now directly relevant to prove the three counts charging distribution of controlled substances causing serious bodily injury and the count charging distribution of controlled substances causing death.
    - Even absent these counts, however, the government properly can offer evidence of the overdoses resulting from the controlled substances the defendant supplied, as they are "inextricably intertwined" with the issue of whether the defendant supplied drugs to individuals.  See United States v. Birbal, 62 F.3d 456 (2d Cir. 1995)

- **The Government May Introduce Evidence of Narcotics Canine Sniff of Currency, if it Provides Sufficient Information to Support the Reliability of this Evidence**
    - The government intends to call Police Officer DeWitt, who is alleged to have performed a canine sniff of currency seized from the residence at 130 New Jersey Avenue, Bellport, New York 11713 on November 19, 2020. This canine sniff is alleged to have positively identified narcotics.  This evidence may be admissible, provided that the government produces all the 3500 material regarding the canines' training and the Government properly lays a foundation for the admissibility of this evidence through the testimony of the dog handler.

For the above reasons, Defendant's Motion to Suppress Physical Evidence is DENIED without the need for a hearing; Defendant's Motion to Suppress Identification Evidence is DENIED without the need for a hearing; the Government's Motions in Limine are GRANTED in

part and DENIED in part; and Defendant's Motions in Limine are GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: April 23, 2025
   Central Islip, New York

                 /s/ JMA
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE